### No. 1413.—H. & M. Marx *v.* L. Bloom.

An action will not lie to recover an account for goods sold where it is shown that a partnership exists between the parties. In such a case the suit will be dismissed with the rights of the party reserved to sue for a settlement of the partnership accounts.

APPEAL from the Third District Court of New Orleans, *Fellowes,* J. *J. B. Cotton,* for appellees, *Breaux & Fenner* for appellant.

Howe, J. This action is brought upon an open account for bill of goods sold and delivered to defendant, November 2, 1862.

The defendant excepted, and answered that there existed a partnership between the plaintiff and himself in reference to the goods whose price is sued for, and also in reference to certain liquors

The judge before whom the case was tried arrived at the conclusion that the partnership existed, that the goods were shipped to the defendant for sale, the profits to be divided between plaintiff and defendant; and an examination of the testimony leads us to the same conclusion.

But we think the court erred in holding that under these circumstances the plaintiffs were not bound to resort to an action of accounting and settlement. It is true there was but one shipment, but that fact is not decisive of the question, for there may be many items of accounting necessary to fix the rights or liabilities of partners in the profits or losses of a single consignment. 13 A. 576.

The view we have taken of the case renders it unnecessary to consider the plea of prescription of three years.

For the reasons given it is ordered and adjudged that the judgment appealed from be reversed, and that there be judgment dismissing the claim of plaintiffs, with costs in both courts, reserving, however, their rights to sue for a settlement of these transactions, considered as those of a partnership.